FILED
SUPERIOR COURT
OF GUAM

2014 FEB 18 PM 1:11

CLERK OF COURT·
BY:_____

**IN THE SUPERIOR COURT OF GUAM**

PEOPLE OF GUAM

vs.

DERRICK LIBYAN TECHUR,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

**CRIMINAL CASE NO. CF655-12**

**DECISION AND ORDER**

(People's Motion to Compel Defendant to Submit to a DNA Sample & Defendant's Motion in Limine to Exclude Evidence of Prior Bad Acts, Police Testimony, and In-court Identification)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on December 23, 2013 on the People of Guam's Motion to Compel Defendant to Submit DNA Sample. The Court also heard Defendant's Motion in Limine to Exclude Evidence of Prior Bad Acts, Police Testimony, and In-court Identification. The People of Guam ("the People) were represented by Assistant Attorney General Lisa D. Lorig. Derrick Libyan Techur ("Defendant") was represented by Anthony R. Camacho, Esq. The parties submitted on their respective briefs and the Court took the motions under advisement. Upon review of the written arguments and legal authorities presented by both parties, the Court issues this Decision and Order **GRANTING** the People's motion and **GRANTING** in part, and **DENYING** in part Defendant's Motion in Limine.

## BACKGROUND

The Superior Court of Guam Grand Jury returned a true bill in the instant case on November 21, 2012. Defendant is indicted on the following charges: (1) Burglary (as a 2nd Degree Felony); (2) First Degree Criminal Sexual Conduct (as a 1st Degree Felony) (3 counts); (3) Second Degree Criminal Sexual Conduct (as a 1st Degree Felony) (3 counts); (4) Felonious

People v. Derrick L. Techur: CF 655-12                                                    Page 1 of 8
Decision and Order – People's Mot. to Compel Defendant to Submit to DNA Sample & Defendant's Mot. in Limine to Exclude
Evidence of Prior Bad Acts, Police Testimony, and In-court Identification

Restraint; and (5) Assault (as a Misdemeanor) (2 counts). *Indictment* (Nov. 21, 2012). On November 28, 2012, Defendant was arraigned and pled not guilty. Defendant also asserted his right to a speedy trial and a jury trial of twelve at arraignment. *See Super. Ct. of Guam Minute Entry Log No. 13409* (Nov. 28, 2012).

The Court issued its Scheduling Order on December 6, 2012, setting jury selection for January 11, 2013. On December 12, 2012, Defendant waived his right to a speedy trial, pursuant to 8 GCA § 80.60 and the Sixth Amendment of the United States Constitution.[1] *See Assertion or Waiver of Speedy Trial for Jury of Twelve in Felony Case* (Dec. 12, 2012). Defendant also filed a Motion to Vacate Jury Trial contending that "additional time is necessary in order to adequately prepare the case." *Def.'s Mot. to Vacate Jury Trial* (Dec. 12, 2012). On January 4, 2013, the Court vacated jury selection originally set for January 11, 2013. Likewise, the Court issued its latest Scheduling Order on October 4, 2013, setting jury selection and trial for January 6, 2014.

On October 23, 2013, the People filed their Motion to Compel Defendant to Submit to a DNA Sample. Defendant filed his opposition on November 13, 2013. Similarly, Defendant filed a Motion in Limine to Exclude Prior Bad Acts, Police Testimony, and In-court Identification on November 4, 2013. The People filed their opposition to Defendant's motion on December 10, 2013. The Court heard all motions on December 23, 2013.

///

///

---

[1] The Court notes that another Waiver of Speedy Trial was filed on February 20, 2013 in this matter. However, no other assertions transpired from December 12, 2012 through February 20, 2013. The Court also notes that this occurred during a time when Defendant's originally assigned counsel, Public Defender Services Corporation moved to withdraw. Thus, Alternate Public Defender was assigned to the case. However, due to a conflict, Defendant is now represented by Anthony R. Camacho, Esq.

# DISCUSSION

## People's Motion to Compel Defendant to Submit to a DNA Sample

The People move the Court to require Defendant to submit to a DNA sample for the purpose of determining whether it matches samples taken from the crime scene. The People submit that "[t]here were preliminary findings of human blood detected on the panty of" one of the victims immediately after Defendant was arrested. *See People's Mot. to Compel* at 2 (Oct. 23, 2013). The People also submit that there were findings of hair and semen detected on the panty of another victim. As a result, the confirmatory test on one victim's samples, tests specifically for P30, a protein found in semen, and it exhibited a reaction. *Id.* On this basis, the People move the Court, pursuant to 8 GCA § 70.25(a)(7) to compel Defendant to submit to a DNA sample.

Defendant opposes the People's motion to compel him to submit to a DNA sample. Defendant argues that "[s]aid motion is untimely and not relevant to any issues at trial in this matter." *Def.'s Opp'n Mot.* at 2 (Nov. 13, 2013). Defendant contends that "the taking of such samples from him "must occur at a reasonable time." *Id.* "Here, the January 6, 2014 trial is only 54 days away, and the Government is just now moving to collect DNA sample from the Defendant." *Id.* "DNA testing is a complex process and granting the Government's motion will likely result in a delay to the trial in this matter to allow the Government to complete their DNA." *Id.* Further, Defendant argues that "the collection of a DNA sample from [him] is immaterial to any of the charges against [him] in this matter because there was no semen or spermatozoa samples on the victims the government could use to compare any DNA samples they may collect from the Defendant." *Id.*

Guam law permits the taking of a Defendant's sample as follows:

**§ 70.25.   Matters Defense Must Disclose to Prosecutor, Upon Latter's Motion.**

Upon noticed motion by the prosecuting attorney, the court may order:
 (a) the defendant to appear at a reasonable time and place and under such conditions as the court may provide to:
(7) permit the taking of samples of his blood, hair and other materials of his body which involve no unreasonable intrusion thereof;

8 GCA § 70.25 (2005).

Defendant concedes that "the Guam Rules of Criminal Procedure authorize[s] the Government to collect a DNA sample from a defendant after making a motion." *Id.* Defendant only cites to the right not being without limitation. The Court in review of the parties' arguments was not presented any case law or other statutory law that would prohibit the People's request. On this basis, the Court finds that the People's motion, pursuant to statutory law authorizes the taking of Defendant's blood, hair, and other materials of his body, consistent with 8 GCA § 70.25(a)(7). Accordingly, the People's Motion to Compel Defendant to Submit to a DNA Sample is **GRANTED**.

**Defendant's Motion in Limine to Exclude Prior Bad Acts**

Defendant moves the Court to exclude all evidence of his prior bad acts from all stages of the trial in this matter. *See Def.'s Mot. in Limine* at 2 (Nov. 4, 2013). Defendant specifically makes reference to his prior conviction in CF122-02. *Id.* at 3. Defendant cites to tests outlined in Guam Rules of Evidence Rule 404(b) and *People v. Evaristo*, 1999 Guam 22, relative to prior bad acts. Defendant argues that such evidence in this case must be excluded because it does not satisfy either test. Defendant also argues that the People have "not notified [him] in writing of its intent to use prior evidence of bad acts at trial against him, pursuant to Guam Rule[s] of Evidence 404(b) and Rule 609(a)(1)." *Id.* at 2.

People v. Derrick L. Techur: CF 655-12                                                                 Page 4 of 8
Decision and Order – People's Mot. to Compel Defendant to Submit to DNA Sample & Defendant's Mot. in Limine to Exclude
Evidence of Prior Bad Acts, Police Testimony, and In-court Identification

The People do not intend to use CF122-02 as a prior bad act in this case. *See People's Response to Def.'s Mot. In Limine* at 4 (Dec. 10, 2013). "Proper notice will be provided if the People decide to use any prior bad acts against the defendant at trial." *Id.* at 3. Accordingly, the Court **GRANTS** Defendant's Motion to Exclude Prior Bad Acts in reference to CF122-02.

**Defendant's Motion in Limine to Exclude Police Testimony**

Defendant moves the Court to exclude all police testimony concerning verbal or written statements made by the alleged victims in this matter, except for use in impeaching the testimony of the police officers, if required. *See Def.'s Mot. in Limine* at 3 (Nov. 4, 2013). Defendant argues that "[t]he admission of Police testimony concerning these statements would violate [his] Constitutional right to confront the witnesses against him and it would constitute inadmissible hearsay." *Id.* at 3-4.

The People object to the exclusion of police, social workers, and health care providers' testimony. "While the People acknowledge as a basic evidentiary rule, that hearsay is generally inadmissible; there are relevant exceptions to hearsay or circumstances which would make a victim's statement 'not hearsay' at all." *People's Opp'n. Mot. in Limine* at 4 (Dec. 10, 2013). The People also resort to GRE 801(d)(1) on the proposition that prior statements by a victim to police could be deemed not hearsay and thus admissible under those circumstances. *Id.* As a catchall exception, the People also cite to Guam Rules of Evidence 807 arguing that a statement not covered under Sections 803 or 804 "but having an equivalent guarantee of trustworthiness," can be admitted over the general hearsay rule if: A) the statement is offered as evidence of a material fact; B) the statement is more probative than any other statement which the proponent can procure through reasonable means; and C) the general purpose of the rule and the interest of justice is served. *Id.* at 5.

With regard to the social workers and health care providers, the People cite to *U.S. v. Lukashov*, 694 F.3d 1107, which found that a victim's videotaped statements made to a forensic interviewer while a doctor and police officer observed the interview at a medical clinic specializing in child abuse were admissible pursuant to the 'medical diagnosis' exception to the hearsay rule 803(4). *Id.*

Generally, evidentiary motions, such as motions in limine, are directed to the trial court's discretion. *People v. Harvey*, 211 Ill. 2d 368 (2004). Authority to grant or deny a motion in limine rests in the inherent power of the court to admit or exclude evidence and to take such precautions as are necessary to afford a fair trial for all parties. *State v. Zakovi*, 110 P. 3d 469, 472 (2005). A motion in limine should be granted only when the trial court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer of evidence or statements made during the trial concerning the material will tend to prejudice the jury. *Hersick v. State*, 904 So.2d 116, 127 (Miss. 2004).

The Confrontation Clause guarantees only "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *People v. Kitano*, 2011 Guam 11 ¶ 39 (quoting *United States v. Owens*, 484 U.S. 554, 559 (1988) (quoting *Kentucky v. Stincer*, 482 U.S. 730, 739 (1987) (alterations in original)). The Court "is given wide latitude in determining the admissibility of evidence under Rule 403." *People v. Guerrero*, 2001 Guam 19 ¶ 28. The [u]nfair prejudice as used in the rule authorizing the exclusion of relevant evidence on the grounds of unfair prejudice, is not satisfied by evidence that is merely adverse to the opposing party. *Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 733 (5th Cir. 2011). On this basis, the Court finds that

Defendant's Motion in Limine to Exclude Police Testimony is premature. Nothing is to preclude Defendant from making his proper objection during the course of trial if it is necessitated. Accordingly, the Court **DENIES** Defendant's Motion in Limine to Exclude Police Testimony.

### Motion in Limine to Preclude In Court Identification

Defendant moves the Court to exclude any in-court identification of himself by a witness in this matter. *See Def.'s Mot. in Limine* at 5 (Nov. 4, 2013). Defendant argues that "any in-court identification would be prejudicial to [him] because he will be sitting at the defense table and the identification of him by witnesses would be unduly suggestive." *Id.*

The People oppose Defendant's motion to preclude in-court identification. They argue that Defendant failed to show that pre-trial identification procedures were impermissibly suggestive. The People contend that "the witnesses' pre-trial identification are actually substantiated by other evidence. The victim's know the defendant by his nickname, 'Bion.'" The victims mentioned that they know 'Bion' from school and that they know his girlfriend." *People's Opp'n. Mot. in Limine* at 8 (Dec. 10, 2013).

In determining the admissibility of an in-court identification, two inquiries must be made. *See People v. Chargualaf*, 2001 Guam 1 ¶ 36. First, whether the defendant has proven that the pre-trial identification was unnecessarily suggestive, and second, if so, whether the in-court identification was nevertheless sufficiently reliable viewing the totality of the circumstances." *Id.* In the instant case, the Court finds that Defendant has not shown that a pre-trial identification was unnecessarily suggestive. Therefore, the inquiry ends. Accordingly, the Court **DENIES** Defendant's Motion in Limine to Exclude In-court Identification.

People v. Derrick L. Techur: CF 655-12                                                                Page 7 of 8
Decision and Order – People's Mot. to Compel Defendant to Submit to DNA Sample & Defendant's Mot. in Limine to Exclude
Evidence of Prior Bad Acts, Police Testimony, and In-court Identification

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** the People's Motion to Compel Defendant to Submit to DNA Sample and **GRANTS** in part, and **DENIES** in part Defendant's Motion in Limine consistent with this Decision.

A continued Pre-Trial Conference is scheduled for ___3/10___, 2014 at ___9a.m.___

**SO ORDERED** this ___18___ day of FEBRUARY, 2014.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

AG
Anthony Campebo

Date 2/18/17  Time: 1:30pm

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam

People v. Derrick L. Techur: CF 655-12                                    Page 8 of 8
Decision and Order – People's Mot. to Compel Defendant to Submit to DNA Sample & Defendant's Mot. in Limine to Exclude
Evidence of Prior Bad Acts, Police Testimony, and In-court Identification